UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST, N.A., | Case No. 2:17-cv-00705-RFB-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 31) |
| MRT ASSETS, LLC, et al., | |
| Defendant(s). | |

Pending before the Court is the parties' stipulated proposed discovery plan and scheduling order. Docket No. 31. Under Local Rule 26-1(b)(1), "[u]nless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or otherwise appears will require special scheduling review." Additionally, "[p]lans requesting special scheduling review must include . . . a statement of the reasons why longer or different time periods should apply to the case." Local Rule 26-1(a).

The parties ask the Court to grant them a 270-day discovery period because, they submit, they "are engaged in a dispute about proper jurisdiction and consolidation of cases" and therefore "lost valuable discovery time while determining the jurisdictional and consolidation issues surrounding the case." Docket No. 31 at 2, 4. Additionally, the parties submit that the pending petition for *certiorari* in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) has created an "uncertain legal landscape" that will cause them to "expound extra time waiting for the resolution of the petition." *Id.* at 4-5. The parties calculate their proposed discovery schedule from April 13, 2017, the date on which Defendant Cheyenne Hills at Southfork Owners Association, Inc.

filed its answer. *Id.* at 2. *See also* Docket No. 16.

The mere pendency of a dispositive motion does not delay the parties' discovery obligations. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (internal citation omitted). The parties also fail to persuade the Court that the pending petition for *certiorari* in *Bourne Valley* warrants a lengthened discovery period.[1] Finally, the appropriate date from which to base the discovery schedule is the date the first Defendant answered or otherwise appeared. *See* Local Rule 26-1(b)(1). In the instant case that date is April 5, 2017, the date that Defendant MRT filed its motion to dismiss. Docket No. 13.

Accordingly, the Court hereby **DENIES** the parties' stipulated proposed discovery plan and scheduling order. The parties shall submit, no later than May 30, 2017, a stipulated proposed discovery plan and scheduling order that either follows the presumptively reasonable time period set forth in the Local Rules or provides sufficient reason to lengthen the discovery period in this case.

IT IS SO ORDERED.

DATED: May 23, 2017.

NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court is aware that many judges in this District have stayed cases of this nature pending resolution of the petition for *certiorari* in *Bourne Valley*. However, that issue is not currently before the Court.