# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILMINGTON TRUST, N.A.,

        Plaintiff,

vs.

ZHK INC., et al.,

        Defendants.

Case No. 2:17-cv-00705-RFB-NJK

ORDER DENYING STIPULATION TO STAY DISCOVERY

(Docket No. 60)

Pending before the Court is the parties' stipulation to stay discovery deadlines. Docket No. 60. The parties ask the Court to stay discovery until former defendant MRT Assets, LLC's pending motion to dismiss and Plaintiff's pending motion to consolidate are decided. *Id; see also* Docket Nos. 13 (motion to dismiss), 26 (motion to consolidate). For the reasons stated below, the stipulation is **DENIED** without prejudice.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *Id.* at 602-03. Motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and

(3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

    As an initial matter, the parties ask the Court to issue a stay, in part, because of a pending motion to dismiss; however, the pending motion to dismiss was filed by MRT Assets, LLC, a former defendant that was voluntarily dismissed by Plaintiff on April 18, 2017. Docket Nos. 13 (motion to dismiss), 20 (notice of voluntary dismissal).[1] None of the remaining Defendants filed a motion to join MRT Assets, LLC's motion to dismiss and, therefore, the parties cannot request a stay of discovery based on, in part, MRT Assets, LLC's motion to dismiss. *See White v. American Tobacco Co.,* 125 F.R.D. 508, 509 (D. Nev. July 18, 1997) (denying a defendant's motion to stay discovery based on a motion to dismiss that was filed by another defendant and no joinder was filed).

    Moreover, the parties' stipulation is devoid of points and authorities as to why discovery in this case should be stayed until the Court issues a ruling on the pending motion to consolidate. Docket No. 26. Therefore, the Court **DENIES** without prejudice the stipulation to stay discovery. Docket No. 60.

    IT IS SO ORDERED.

    DATED: October 18, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] On April 19, 2017, Plaintiff asked the Court to deny the motion to dismiss as moot since MRT Assets, LLC has already been dismissed from the instant case. Docket No. 25 at 2.